GEORGE DE CARLTON, Appellant, *v.* VAUGHAN GLASER, Respondent.

*De Carlton* v. *Glaser*, 172 App. Div. 132, affirmed.

(Argued January 15, 1919; decided February 4, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 7, 1916, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial in an action to recover for an alleged breach of contract of employment. The complaint alleged that on or about September 5, 1912, defendant employed plaintiff as a theatrical performer for a period of fifty-two weeks and promised to pay therefor; that after the 1st day of February, 1913, the defendant refused to allow plaintiff to further perform and refused to pay him any salary whatever. The answer, after certain denials, alleged as a main defense that at all the times mentioned in the complaint, and for many years prior thereto, there existed and still exists in the theatrical profession, of which the parties herein are members, a well-established and well-understood general custom and usage in the United States to the effect that either party to a theatrical contract had the right to terminate and cancel the same on two weeks' notice, which custom and usage was generally known to and uniformly acknowledged and acquiesced in by the members of said profession, of all of which the plaintiff had notice, and with reference to which and with knowledge of which custom and usage

the defendant employed the plaintiff; and the plaintiff accepted such employment with reference to such custom; that in accordance with said custom and usage the defendant did on or about the 18th day of January, 1913, notify plaintiff of his election to terminate and cancel said employment, and did pay the plaintiff his salary for the ensuing two weeks and that plaintiff thereupon consented to the termination of said employment.

*Arthur F. Driscoll* and *Dennis F. O'Brien* for appellant.
*L. D. Frolich* and *Nathan Burkan* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: COLLIN, CUDDEBACK, CARDOZO, POUND and ANDREWS, JJ. Dissenting: HISCOCK, Ch. J.; and CRANE, J.